CASE 40—HOMICIDE—APRIL 12.

## Gibson v. Commonwealth.

APPEAL FROM CRIMINAL DIVISION OF JEFFERSON CIRCUIT COURT.

1. HOMICIDE—BY EXPOSING INFANT.—It is felony to willfully abandon a helpless infant on a cold, raw night and leave it to die of exposure, whatever may have been the purpose in so leaving it.

2. SAME—INSTRUCTION.—In such a case the court correctly instructed the jury that "if they believed from the evidence be-

Gibson v. Commonwealth.

yond a reasonable doubt that the defendant, without malice, but unlawfully, wilfully and feloniously cast her child upon an open lot without sufficient shelter or clothing to protect it from the inclemency of the weather, but that said act was done with the hope that it would be rescued or taken care of by some other person before it should freeze to death, but by reason of said exposure it did freeze, then, in that event, the defendant was guilty of voluntary manslaughter."

JAMES R. W. SMITH FOR THE APPELLANT.

1. The court should have sustained the motion for peremptory instruction for a failure of proof.
2. The facts set out in instruction No. 2 do not constitute voluntary manslaughter, but only involuntary manslaughter or unintentional homicide.
3. The court should have instructed the jury upon the subject of involuntary manslaughter.
4. The court should have instructed the jury upon the subject of murder.
5. The court should have defined murder.
   Citations:   Crim. Code, sec. 240; Com. v. Blackwell, 93 Ky., 309; Gist v. Com., 7 Ky. Law Rep., 45; Bowlin v. Com., 94 Ky., 391; Madison v. Com., 13 Ky. Law Rep., 313; Trimble v. Com., 78 Ky., 176; Connor v. Com., 13 Ky. Law Rep., 403; Ball v. Com., 81 Ky., 662.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE.

1. The Commonwealth is not bound by the statement of the defendant detailed to policeman Brock and by him testified to. The statement was a denial of guilt by the defendant.
2. The proof was sufficient to warrant the inference that the defendant's infant was abandoned while it was alive.
3. The instruction upon the subject of manslaughter was proper. Wharton's Crim. Law, sec. 345.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The appellant was indicted for the murder of her two months old baby, and was found guilty of manslaughter, and sentenced to the penitentiary for three years; and from that judgment this appeal is prosecuted.

The main errors upon which she relies for a reversal are (1) that the testimony in the case did not authorize the verdict of the jury; and (2) that the second instruction, which authorized the jury to find her guilty of manslaughter, did not sufficiently describe that offense.

The testimony discloses that defendant was an unmarried woman, and that she gave birth to a female child on the 9th day of September, 1879, and that on the night of 11th day of November, thereafter, she left the house where she had been staying since her accouchement, taking the child with her; that she took it some seven or eight squares away, and left it in the yard in front of a residence at the corner of Brook and Breckinridge streets, in the city of Louisville. The baby was placed in a small basket, and was covered with a shawl or other wrap. The night was a cold, raw one, and it was found dead early the next morning by a policeman. The coroner who held the inquest testifies that the child was greatly emaciated, and probably died either from starvation or exposure; the indications after death being about the same, whether it died from one cause or the other.

The defendant testifies that the child was dead at the time she left its body in front of the residence; that it had died early in the morning of the same day; that she had concealed this fact, and kept its body covered up in her bed during the day, until night, because she was not able to bury it, and did not know what to do with the body; that she left it where she did, that some one might find it and bury it. She says that, after leaving the child on the lot, she went to the house of her aunt, and spent the night, and the next day went to Cincinnati, where she was subsequently arrested. It seems to us that her testimony is very improbable, and she is flatly contradicted by the tes-

timony of Eliza Smith as to the time when the child died. She says that she saw the defendant with the child alive, and apparently well, late in the afternoon of November the 11th, and other witnesses testify to facts that show that it was well a few days before, and that defendant was anxious to be relieved of the burden of its support. We are of the opinion that there was ample evidence to authorize the submission of the case to the jury, and the motion for a peremptory instruction was properly over-ruled.

The law imposed upon defendant the duty of protecting and caring for her offspring to the best of her ability; and when she willfully abandoned it on a cold, raw night, and left it to die from exposure, she was guilty of a felony, whatever may have been her purpose in leaving it. Wharton, in his work on Homicide (section 304), says: "If a person do or omit to do an act towards another, who is helpless and dependent, which act or omission, in usual, natural sequence, leads to the death of that other, the crime amounts to murder, if the act or omission be intentional; but if the circumstances are such that the person would not be, or could not have been, aware that the result would be death, that would reduce the crime to manslaughter, provided the death was occasioned by an unlawful act, but not such an act as showed a malicious mind. Thus, where a woman left her child, a young infant, at a door or other place where it was liable to be found or taken care of, and the child died, it would be manslaughter only; but if the child was left at a remote place where it was not liable to be found, and the death of the child ensued, it would be murder." The same doctrine is announced in Bishop on Criminal Law, secs. 557, 883, and in 1 Hawkins P. C., 564.

The instructions in the case were as favorable to the defendant as the testimony authorized—especially the "second," on the question of manslaughter. By it the jury were told that "if they believed from the evidence, beyond a reasonable doubt, that the defendant, without malice, but unlawfully, willfully, and feloniously, cast her child upon an open lot, without sufficient shelter or clothing to protect it from the inclemency of the weather, but that said act was done with the hope that it would be rescued or taken care of by some other person before it should freeze to death, but by reason of said exposure it did freeze, then, in that event, the defendant was guilty of voluntary manslaughter."

We think this instruction fairly stated the law on the question of voluntary manslaughter; and, upon the whole case, that there has been no error prejudical to the substantial rights of the defendant.

Wherefore the judgment is affirmed.