## STATE v. BARNES.

### (*Jackson*, April Term, 1919.)

1. **PARENT AND CHILD. Failure to provide for child. Offenses.**
   Where a father failed to provide for his infant child under sixteen according to his means, but suffered the child to sicken and die without medical attention, he cannot be punished under Acts 1915, chapter 120, making it a misdemeanor for a father to willfully fail to provide for his child under sixteen, but providing that, upon complaint, the father shall be required to execute a bond to secure the child's support, etc., and in event of his failure to comply with the undertaking he may be imprisoned for misdemeanor, as a delinquent parent cannot be imprisoned as an original proposition under the statute, but only for repudiation or breach of the undertaking required by the statute. (*Post, p.* 471.)

   Acts cited and construed: Acts 1915, ch. 120.

2. **PARENT AND CHILD. Duty of parent.**
   It is the legal duty of a father to provide proper care, treatment, and medical attention for his infant child. (*Post pp.* 471, 472.)

   Case cited and approved: Wallace v. Cox, 136 Tenn., 69.

3. **HOMICIDE. Breach of duty.**
   If one owes to another a plain particular and personal duty imposed by law or contract, an omission resulting in the death of the party to whom such duty was owing usually renders the delinquent party guilty of homicide; so, where an infant child died by reason of her father's failure to provide proper medical attention, the father is guilty of homicide. (*Post, p.* 472.)

   Cases cited and approved: Westrup v. Commonwealth, 123 Ky., 95; People v. Beardsley, 150 Mich., 206; Territory v. Manton, 8 Mont., 95; Anderson v. State, 27 Tex. App. 177; Gibson v. Commonwealth, 106 Ky., 360.

   Case cited and distinguished: Regina v. Senior (1899), 1 Q. B., 283.

4. **HOMICIDE. Failure to provide for child. Grade of offense.**
   As to whether a father, who suffered his child to die for want of proper medical attention, is guilty of murder or manslaughter,

depends upon the circumstances; it being probable that, if the neglect was not malicious or willful, he would be guilty only of manslaughter. (*Post, p.* 473).

Cases cited and approved: Rex v. Hughes, 3 Jur. N. S., 996; Lewis v. State, 72 Ga., 164; State v. Smith, 65 Me., 257; State v. Gilliam, 66 S. C., 419.

---

## FROM OBION.

Appeal from the Circuit Court of Obion County.— Hon. Joseph E. Jones, Judge.

The Attorney-General, for the State.

E. J. Green, for appellee.

Mr. Justice Green delivered the opinion of the Court.

From action of the trial court quashing an indictment in this case the State appeals. The indictment is as follows:

"S. K. Barnes, . . . on the——day of August, A. D. 1917, being the father of and legally chargeable with the care of Bessie May Barnes, an infant child under the age of sixteen years, in the county of Obion aforesaid, then and there unlawfully, willfully, and without good cause neglected and failed to provide for said Bessie Barnes, according to his means, by suffering said child to sicken and die without proper care, treatment, and medical attention."

The motion to quash was based on three grounds: First, that the indictment charged no violation of any law or statute; second, that chapter 120 of the Acts of 1915, upon which the indictment was thought to have

State v. Barnes.

rested, did not apply to the facts stated; and, third, because it appeared from the indictment that the child was dead.

The state insists that the indictment can properly be sustained by chapter 120 of the Acts of 1915, even though the neglected child died before the indictment was found.

Chapter 120 of the Acts of 1915 makes it a misdemeanor for a father to willfully fail to provide for his child under sixteen years of age according to his means, or to leave it destitute or in danger of becoming a public charge. The penalty prescribed by this statute is that the father shall be required to execute a bond or undertaking to secure the child's support, and in case he fails to do so, or to comply with the conditions of said undertaking, then the father may be imprisoned as for a misdemeanor.

Manifestly the father cannot be required to enter into an obligation for the support of a child who has died. The delinquent father cannot be imprisoned as an original proposition under this statute. He can only be imprisoned for a repudiation or breach of the undertaking to support, imposed as the primary penalty of the statute. So we are of opinion that the father here cannot be reached under the act of 1915, the child being dead, and the trial judge correctly so held.

It does not follow, however, that this indictment should have been quashed. We think it does charge a violation of law.

It is the legal duty of the father to provide "proper care, treatment, and medical attention" for his child. *Wallace* v. *Cox,* 136 Tenn., 69 188 S. W., 611, L. R. A.;

1917B, 690. If by reason of his breach of this duty the death of this child resulted, we think the father may be guilty of homicide.

If one owes to another a plain particular and personal duty, imposed either by law or by contract, an omission, resulting in the death of the party to whom such duty was owing, usually renders the delinquent party guilty of a homicide. This proposition is very well established by authority. *Westrup* v. *Commonwealth,* 123 Ky., 95 93 S. W., 646, 6 L. R. A. (N. S.), 685, 124 Am. St. Rep. 316; *People* v. *Beardsley,* 150 Mich., 206, 113 N. W., 1128, 13 L. R. A. (N. S.), 1020, 121 Am. St. Rep., 617, 13 Ann. Cas., 39; *Territory* v. *Manton,* 8 Mont., 95, 19 Pac., 387; *Anderson* v. *State,* 27 Tex. App., 177, 11 S. W., 33, 3 L. R. A., 644, 11 Am. St. Rep., 189.

This principle has been applied in cases of the neglect of the duty of a parent to care for his child, and to provide medical attention. *Gibson* v. *Commonwealth,* 106 Ky., 360, 50 S. W., 532, 90 Am. St., Rep. 230; *Regina* v. *Senior* [1899], 1 Q. B. 283.

In the latter case Lord Russell said: "Neglect is the want of reasonable care; that is, the omission of such steps as a reasonable parent would take, such as are usually taken in the ordinary experience of mankind; that is, in such a case as at the present, provided the parent had such means as would enable him to take the necessary steps. . . . At the present day, when medical aid is within the reach of the humblest and poorest members of the community, it cannot reasonably be suggested that the omission to provide medical aid for a dying child does not amount to neglect." *Regina* v. *Senior,* supra.

As to whether a parent so neglecting his child is guilty of murder or manslaughter would depend on the circumstances. If the neglect be willful or malicious, it is probably a case of murder.  If the omission is not malicious, and is a mere case of negligence, the parent is perhaps guilty of manslaughter only.  *Rex* v. *Hughes,* 3 Jur. N. S., 996; *Lewis* v. *State,* 72 Ga., 164, 53 Am. Rep., 835; *State* v. *Smith,* 65 Me., 257; *State* v. *Gilliam,* 66 S. C. 419, 45 S. E., 6.

The questions above discussed are elaborated in note under *Westrup* v. *Commonwealth,* supra, as that case is reported in 124 Am St. Rep., 316.

It results that the judgment of the trial court will be reversed, and this case remanded for further proceedings.