## MASON et al. v. JAMES.

### SAME v. TRAVIS.

### SAME v. GOINS.

Middle Section.   September 7, 1935.

Petition for Certiorari denied by Supreme Court, January 11, 1936.

Wm. Howard Ewing, of Nashville, and Jas. D. Richardson of Murfreesboro, for plaintiffs in error Mason et al.

C. C. Jackson, of Murfreesboro, for defendants in error.

HICKERSON, Sp. J.    Arthur James, Roy Travis, and Quint Goins were plaintiffs in the trial court and Mrs. Ora Mason was defendant. They will be referred to in this opinion in the same way.

This suit was brought by plaintiffs to recover for injuries received in an automobile accident. The accident occurred on March 10, 1934, on the Murfreesboro and Manchester highway about 10 miles out of Murfreesboro. 'Plaintiffs were traveling towards Murfreesboro. They were riding on the driver's seat of a truck which was loaded with cedar poles or logs. Arthur James was the owner and driver of the truck. Roy Travis and Quint Goins, both of whom were minors, were working for Arthur James at the time of the accident.

The defendant was driving a passenger automobile at the time of the accident. She was going from Murfreesboro towards Chattanooga. The accident occurred on a concrete bridge over Hurricane creek.

The jury found the issues in favor of plaintiffs and assessed the damage of Arthur James at $2,550. This amount was divided into $2,400 for personal injuries and $150 for property damages. Roy Travis was given $1,500 for personal injuries and Quint Goins was given $25 for personal injuries. Judgment was entered on this verdict, and defendant has appealed in error to this court.

By agreement the three cases were tried together below and they come to this court upon one transcript.

The first, second, third, fourth, sixth, seventh, and eighth assignments of error will be disposed of together because they are based upon the facts. There was material evidence to support the verdict of the jury, and these assignments of error will be overruled.

Where there is any material evidence to support the verdict of a jury, the verdict will not be disturbed on appeal. Encyclopedic Digest of Tennessee Reports, vol. 1, Cumulative Supplement, 170, 171.

In her fifth assignment, defendant complains that the verdict of the jury was excessive. We do not agree with this contention. The testimony of all witnesses has been carefully examined. The trial judge heard this testimony and approved the verdict. We think there was no error in his so doing, subject to the modification of the judgment in the case of Roy Travis hereinafter stated in this opinion.

Defendant laid especial emphasis in this assignment on the damage that was awarded because of injuries to the truck. Arthur James testified the reasonable market value of the truck immediately before the accident was $250, and that he sold the remains after the accident for $20 as junk. No attempt was made by defendant to prove otherwise, except by cross-examination. The fact that plaintiff only gave $90 for the truck would not be conclusive as to its value. He might have bought it at a bargain.

The fifth assignment will be overruled.

By the ninth assignment, the defendant questions the action of the court in permitting Arthur James to be recalled and testify

that defendant had sent him to Dr. B. W. Rawlings for a physical examination. Defendant contends that this was testimony in chief and should not have been allowed on rebuttal.

The method and order of the introduction of witnesses is a matter within the discretion of the trial court.

In Hudkins v. City of Martin, 7 Tenn. Civ. App. (7 Higgins), 547, 553, which case was affirmed by the Supreme Court, the court said: "The second error assigned is the Court's permitting the witness Hudkins to be recalled for purpose of examination in chief after his examination had been concluded. We have examined the record and find no reversible error in the course of procedure touching the matter in this case. Courts are invested with large measure of discretion in respect of the manner and method of the introduction of testimony, and it is always the desire and purpose of the Court to get at the facts as they really are, and discretion is always rightfully exercised toward accomplishing that end." We do not think the trial court abused that discretion in the case at bar in permitting this testimony to be presented as it was, and this assignment is overruled

That the testimony of Alex Hughes should have been excluded is the basis of the tenth assignment. Hughes testified that on the morning of the accident he was walking on the Murfreesboro-Manchester highway going south. A car in which two ladies were riding passed him about 1½ miles from the scene of the accident. This car was going south and was traveling about 75 miles an hour. Witness learned about thirty minutes later of the accident.

Defendant complains that this occurrence was too remote. In disposing of this matter, the trial court said: "I think the jury might consider that" (speaking of the speed of the car), and, "The jury will look to that as to whether or not that is the same car." The witness had just stated that he did not know whether it was the same car and did not know what kind of car the ladies were driving.

In An Automobile Accident Suit, by Anderson, page 419, section 389, the rule is stated: "It is generally held that the admissibility of evidence of speed at other times and places is committed to the sound legal discretion of the trial court and that his exercise thereof will not be reviewed except for abuse resulting in prejudice to the complaining party. Thus it is within the discretion of the court to receive evidence of the speed of an automobile before it reached the place of the occurrence complained of, providing the place where it is sought to establish speed is not too remote. Of course, if the evidence as to speed at another time or place is remote, it may be excluded within the legal discretion of the trial court. Generally, however, evidence of speed at other times and places has been received.

"Not only may the evidence of speed be received when it is shown to have been observed within a reasonable distance, but the same rule applies where the speed is shown within a reasonable time, as a few

seconds. It seems, however, that the remoteness of evidence of speed at other times and places goes to the weight to be accorded it rather than to its admissibility. It has also been held that improper evidence of speed is not generally harmful."

The rule is likewise stated in 42 C. J., 1224, section 1025: "On the issue of the speed of a motor vehicle at the time of an accident, evidence is admissible as to its speed immediately before or after the accident. While evidence of the speed of the motor vehicle at a remote time or place is not admissible, unless it is connected with other evidence showing that the same rate of speed was maintained up to the time and place of the accident, the question of remoteness is dependent upon the facts of each case and rests largely in the sound discretion of the trial court."

As we see the case, this evidence was worth very little, if anything. The car about which witness testified was 1½ miles from the scene of the accident, and he did not know it was the same car that was involved in the accident. We do not think that character of evidence would be seriously considered by the jury. This assignment is overruled.

The eleventh, twelfth, and thirteenth assignments of error will now be considered together. In these assignments, the defendant states that the trial court erred in refusing to charge the jury that plaintiff Arthur James should have pulled to the right and stopped his truck when he saw the defendant had lost control of her car, and that the other plaintiffs should have warned Arthur James so to do when they saw defendant had lost control of the car. We think the trial judge fairly charged the law of the case. He expressly charged the jury that, if plaintiffs were guilty of contributory negligence which proximately caused the accident and injuries, they could not recover. It was a question of what an ordinarily prudent man would have done under the circumstances and this was the very question which the jury was called upon to decide. We do not think it was improper for the trial court to refuse, under the circumstances of this case, to designate in his charge certain specific things which plaintiff should do and tell the jury that, unless they did these things, they would not be exercising reasonable care. We find no error in this portion of the charge, and these three assignments are overruled.

The fourteenth assignment of error is based on the refusal of the trial judge to charge the jury that, if any one or all of the plaintiffs were guilty of contributory negligence which proximately contributed to the accident, that plaintiffs could not recover. The trial court charged the jury: "If the plaintiffs should be guilty of an act of negligence that directly and proximately caused or contributed to the accident or injuries, then the plaintiffs could not recover damages."

We see no error in refusing to charge the request covered by assignment No. 14, and this assignment is overruled.

■ The fifteenth, sixteenth, and seventeenth assignments of error will be disposed of together. They question the action of the trial court in refusing to charge that, if plaintiffs and defendant were both guilty of negligence which together constituted the proximate cause of the injuries and damages, plaintiff could not recover.

After defining proximate cause, the court then charged the jury as follows: "If both parties should be guilty of such negligence, that is, negligence directly and proximately causing or contributing to the injuries, still the defendant would not be liable." In this portion of the charge the trial court directly charged the very principle of law that is made the basis for assignments 15, 16, and 17, and these assignments are overruled. .

■ Assignments 18, 19, and 20 will be considered together because each of these assignments is based upon the fact that the declaration stated that the accident occurred on March 3, 1934, whereas the testimony showed that the accident occurred on March 10, 1934.

In 22 Encyclopaedia of Pleading and Practice, 611, it is said: "Where the particular time at which some fact happened or a contract was entered into is not the matter in issue, and the allegation in that respect may be looked upon as matter of substance, a variance between the time stated and that proved is not material, provided it has not surprised, misled, or prejudiced the adverse party, and provided the time proved is not after the institution of suit. . . ."

Our Supreme Court in the case of Heggie v. Hays, 141 Tenn., 219, 208 S. W., 605, 3 A. L. R., 150, held that an allegation in a declaration that a contract of marriage was entered into in October, 1915, when the proof showed that the contract was entered into between the parties in September, 1912, was not a fatal variance.

In discussing this particular assignment in the Heggie Case, the court said (141 Tenn., 219, page 223, 208 S. W., 605, 606, 3 A. L. R., 150): "It is not suggested that there was more than one contract of marriage between the parties to this case, so that the time or date of this contract is not material as a matter of description nor for any other reason."

In the present suit defendant was not prejudiced by this defense in the allegations of the declarations and the proof because there was only one accident in which she was involved, and she testified in regard thereto and knew all about what she was expected to meet by way of defense. These assignments are overruled.

The twenty-second assignment of error questions the action of the trial court in failing to instruct the jury that plaintiff Arthur James could not recover more than $70 for damages to his truck.

The twenty-third assignment of error is to the effect that the awarding of $150 for damages to the truck of Arthur James was excessive.

For reasons stated in the discussion of other assignments herein, these two assignments of error are overruled.

The twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, and twenty-eighth assignments of error will be disposed of together. By these assignments, the defendant complains about the alleged misconduct of the attorney for plaintiffs and the court's rule in regard thereto. The proof shows that plaintiffs' attorney was laboring under a misapprehension of fact. He thought that defendant's attorneys consulted his client, Quint Goins, and secured a written statement from him after suit had already been brought for Quint Goins. In view of the fact that plaintiffs' attorney felt that this statement was secured after he had brought the suit as attorney for Quint Goins, it is easy to understand why he did feel that the attorneys for the defendant were not dealing fairly with this plaintiff or his attorney in procuring a statement from this plaintiff and interviewing this plaintiff without the knowledge or consent of his attorney. However, the true facts were that suit had not been brought by Quint Goins at the time he was interviewed, and the statement was secured by the attorneys for the defendant, and there was nothing improper in the action of the attorneys for the defendant. In this connection, the trial judge stated to the jury: ''I will say to the jury then, that it would not be improper for the attorney to talk to this man Goins before a suit was brought by him.'' Frequently in the excitement of a trial attorneys will make remarks which are not altogether proper. In view of the facts in this case, the remarks of the attorney for plaintiff were unjustified and should not have been made. But, after all, the trial judge instructed the jury that there was nothing improper in the action of the attorneys for the defendant in procuring the statement from Quint Goins when they did, and we fail to see how the defendant was prejudiced by these remarks by the attorneys. The record discloses that the sum and substance of the whole matter was that attorney for plaintiffs stated that it was improper for the defense attorneys to secure a statement. After the facts were fully developed, the presiding judge instructed the jury that such action on the part of the defense attorneys was not improper and that ended the matter. All these assignments of error are overruled.

There remain to be considered only the twenty-first and twenty-ninth assignments of error.

We find no error in that portion of the charge upon which the twenty-ninth assignment of error is based, and it is accordingly overruled.

We shall now consider the twenty-first assignment of error. This assignment is predicated on the action of the trial court in charging the jury that medical bills, hospital bills, loss of wages, and salaries, and loss of time should be considered by the jury in awarding damages to Roy Travis and Quint Goins. The defendant states that this was error because the plaintiffs Roy Travis and Quint

Goins were minors and were not entitled to receive compensation for medical and hospital treatment, wages and salary, or loss of time. The wages of a minor belong to the father. It is the duty of the father to support and educate his child and to pay for all necessary medical treatment and medicine for his minor child. Blackwell v. Memphis Street Ry. Co., 124 Tenn., 516, 137 S. W., 486; Memphis Steel Const. Co. v. Lister, 138 Tenn., 307, 197 S. W., 902, L. R. A., 1918B, 406; Wallace v. Cox, 136 Tenn., 69, 188 S. W., 611, L. R. A., 1917B, 690; State v. Barnes, 141 Tenn., 469, 212 S. W., 100.

The declarations in the Roy Travis case and the Quint Goins case do not allege any damages by reason of doctor bills, hospital bills, or loss of wages or time. In the case of W. R. Peete & Co. v. Jackson, 4 Tenn. Civ. App. (4 Higgins), 678, 681, the court said: "It is said in the fourth assignment of error that the Court instructed the jury that they might award Miss Jackson a recovery for loss of time from her employment, and that the fact that her employers continued her pay voluntarily was not material. We are of opinion that the proposition in the abstract as laid down by the Court is sound. But, as applied to this case, the instruction was erroneous, for the reason that there was no averment of loss of time in the declaration. But we are of opinion that the error thus committed was effectually cured by the large remittitur required by the Court, and that this assignment should be overruled." In Phillips-Buttorff Mfg. Co. v. Mc-Alexander, 15 Tenn. App., 618, 644, 645, the court said: "The instruction that the jury might take into consideration, as an element of damages, the 'companionship' of the deceased wife 'to Mr. Mc-Alexander as her husband,' presents a question of some difficulty.

"It was error to so instruct the jury, for in cases of this character, 'nothing can be allowed as solatium, that is, for the loss of the moral aid, comfort, counsel and companionship of the deceased.' Davidson Benedict Co. v. Severson, 109 Tenn., 572, 633, 72 S. W., 967; Knoxville Railway & Light Co. v. Davis, 3 Tenn. Civ. App. (3 Higgins), 522, 529; Hines v. Partridge, 144 Tenn., 219, 238, 231 S. W., 16.

"However, if it was 'clear from the size of the verdict that the jury did not award more than fair compensation for the actual pecuniary loss sustained,' and that 'the verdict did not indicate that the jury allowed any damages as solatium,' such error would not be reversible. International Corporation v. Wood, 8 Tenn. Civ App. (8 Higgins), 10, 28.

"But the proof showed that Mr. and Mrs. McAlexander had been married about three years; that they maintained a home in the Seminole Apartments, and the record indicates, without a suggestion to the contrary, that their relations were in all respects agreeable and their home life a happy one. Mrs. McAlexander was a healthy, active, intelligent, educated woman, thirty-three years of age, and the reasonable inference to be drawn from the undisputed evidence

is that her disposition, temperament, character and attainments were such as to constitute her an ideal companion for a normal business man of Mr. McAlexander's type, as he appears from this record.

"In the light of the proof which we have thus briefly summarized, and the amount of the verdict rendered, we are not prepared to believe that the jury did not intend to include in the verdict any damages for Mr. McAlexander's loss of the 'companionship' of his wife, when the jury were plainly instructed by the trial judge that it was their duty to assess such damages.

"However, errors in the Court's charge relating to the measure of damages may sometimes be cured by remittitur. Louisville & N. R. Co. v. Johnson, 7 Tenn. Civ. App. (7 Higgins), 458, 471; Nashville, C. & St. L. Ry. v. Overcast, 3 Tenn. Civ. App. (3 Higgins), 235, 244; Louisville & N. R. Co. v. Martin, 113 Tenn., 266, 280, 87 S. W., 418; Baskin & Cole v. Whitson, 8 Tenn. App., 578, 590. And we will defer the further consideration of the eighth assignment of error until we come to the consideration of the last assignment (the eleventh) through which defendants insist that the verdict was excessive."

In Baskin & Cole v. Whitson, 8 Tenn. App., 578, at page 590, the court set out various cases in which erroneous charges concerning damages were held cured by remittiturs as follows: "An error bearing solely upon the amount is cured by remittitur. See Louisville & N. R. Co. v. Johnson, 7 Tenn. Civ. App. (7 Higgins), 458.

"An error committed in instructions upon elements of damage may be cured by a remittitur. See Rosenbaum v. Herron, 5 Tenn. Civ. App. (5 Higgins), 630.

"An error in verdict may be cured by a remittitur. See Nashville, C. & St. L. Ry. v. Overcast, 3 Tenn. Civ. App. (3 Higgins), 235.

"The court's failure to charge correctly on the duty of the jury to mitigate the damages on account of contributory negligence of the deceased is not reversible error, where the defendant receives the full benefit of a correct charge by a remittitur entered upon the verdict. See Louisville & N. R. Co. v. Martin, 113 Tenn., 266, 87 S. W., 418.

"Where a verdict is merely excessive, the court may order a remittitur. See Grant v. Louisville & N. R. Co., 129 Tenn., 398, 165 S. W., 963; Cumberland Telephone & Telegraph Co. v. Hartley, 127 Tenn., 184, 154 S. W., 531."

In the present suit, no attempt was made to place a value upon a loss of time or wages of the minor plaintiffs. The plaintiff Quint Goins was only awarded $25 by the jury, and from the proof in the case we are clearly of the opinion that the jury did not take into consideration any loss of time or wages which this plaintiff suffered. The amount awarded was very moderate for his personal injuries without considering loss of wages and loss of time. No proof whatever was introduced as to the amount of his medical bill. Proof was

488

introduced that the medical and doctor's bill for Roy Travis amounted to $150. Furthermore, by the testimony of Mrs. Travis, the mother of Roy Travis, it was shown that Roy Travis had not worked a day since the accident, that he was not able to work. Although no proof was introduced as to the amount of his wages, we think the jury might have considered to some extent the loss of time on the part of Roy Travis. We think the jury did consider, as it would be compelled to do under the charge, the medical and doctor's bill of Roy Travis. With these exceptions, substantial justice has been done in this case, and these matters can be cured by a remittitur. We are not inclined to affirm the judgment in favor of Roy Travis without a reduction of the damages because of these two items of damage which the court charged the jury they should consider and which were not alleged in the declaration and for which the defendant was not liable in damages to this plaintiff. A remittitur of $300 is therefore suggested in the case of Roy Travis, and, if it is accepted by this plaintiff, the judgment in favor of Roy Travis against defendant, Mrs. Ora Mason, will be affirmed, and judgment will be entered here for $1,200 in favor of this plaintiff.

All assignments of error are overruled, and, subject to the modification set out in this opinion in regard to the judgment in favor of Roy Travis, the judgment of the lower court is affirmed, with costs.

Crownover and DeWitt, JJ., concur.