167 So. 324
### ROWE v. ALABAMA POWER CO.
### 8 Div. 703.

Supreme Court of Alabama.
March 19, 1936.

Rehearing Denied April 23, 1936.

258

W. L. Chenault, of Russellville, and C. E. Carmichael, of Tuscumbia, for appellant.

Andrews & Almon, of Sheffield, and Martin, Turner & McWhorter, of Birmingham, for appellee.

BROWN, Justice.

This is an action on the case by appellant against appellee to recover damages for personal injury.

The several counts of the complaint aver that the defendant was engaged in the business of operating an electric railway as a common carrier of passengers, and for hire or reward undertook to carry the plaintiff from Sheffield, Ala., "to another point on defendant's railroad between Sheffield and Tuscumbia."

The first count avers, further, "That defendant disregarded its duty in that behalf, did not use due and proper care that the plaintiff be safely carried by and upon said electric railroad on said journey, but wholly neglected to do so, in this: that it suffered one of the steps of the car in which the plaintiff was riding and being carried as such passenger by the defendant to be so unsafe, that same had a banana peeling [peel] thereon, and as a proximate consequence thereof, plaintiff was thrown or caused to fall from said car. * * * Plaintiff avers that defendant was in charge or control of said car, and so negligently conducted itself in that regard that the step of the car became so unsafe, as aforesaid, and as a proximate consequence thereof plaintiff suffered said injuries, and damages." By amendment the plaintiff added to this count the further averment: "The defendant's servant or agent in charge of said street car *had knowledge that said banana peeling [peel] was on said step of said car, or the same had been there for such time that he should have known the same was on said step.*" (Italics supplied.)

The third count avers that plaintiff "was caused to fall by a banana peeling [peel] coming in contact with the plaintiff's foot when he placed his foot on the step of the said electric car in the act of dismounting

and the plaintiff alleges that the defendant or its servants, while acting within the line of duty negligently allowed the step of the said car upon which the plaintiff was a passenger to become unsafe, in that, the defendant or its servants while acting within the scope of their authority and in line of duty negligently placed, allowed to be placed or suffered to remain a banana pealing [peel] in the step of the said electric car and as a proximate consequence of said negligence of the defendant or its servants while acting within the scope of their authority and in line of duty, the plaintiff was injured and damaged as aforesaid in the sum of five thousand dollars as above alleged."

The plaintiff also added to this count, by amendment, the averment that the defendant's servant in charge or control of said street car had knowledge that the banana peel was on said step, or that it had been on the step for such length of time as to impute notice thereof to him.

The second count charged, or at least was designed to charge, wantonness or intentional injury; and the fourth wantonness. The evidence clearly did not support counts 2 or 4.

The defendant pleaded the general issue in short, by consent, with leave to give in evidence any matters which would constitute a good defense if specially pleaded to have effect as if so pleaded.

At the conclusion of the evidence, the court, at defendant's request, gave the affirmative charge in its favor; the charge being requested in writing.

■ It is well settled that the objection, that an answer of a witness to a question is not responsive, is available only to the party asking the question. Whiddon v. Malone, 220 Ala. 220, 124 So. 516; Ex parte Alabama Great Southern R. Co. (Alabama Great Southern R. Co. v. Hunt), 204 Ala. 504, 86 So. 100; Talley v. Whitlock, 199 Ala. 28, 73 So. 976; Forehand v. White Sewing Machine Co., 195 Ala. 208, 70 So. 147; Shriner v. Meyer, 171 Ala. 112, 55 So. 156, Ann.Cas.1913A, 1103; Central of Georgia Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Alabama City, Gadsden & Attalla Railway Co. v. Bullard, 157 Ala. 618, 47 So. 578; O'Neal v. McKinna, 116 Ala. 606, 22 So. 905.

■ It is also well settled that: "Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible." Mayberry v. State, 107 Ala. 64, 18 So. 219, 220; Watson v. State, 217 Ala. 164, 115 So. 101; Baugh v. State, 218 Ala. 87, 117 So. 426; Diamond v. State, 219 Ala. 674, 123 So. 55; Stinson v. State, 223 Ala. 327, 135 So. 571; Alaga Coach Line, Inc., v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; 22 C.J. p. 554, § 655.

■ Under the principle last stated above, it was permissible for the plaintiff who had observed the banana peel to testify: That "it was mashed at one end and the other end didn't seem to be mashed"; that "it appeared just as though about half of it [had been] on the step and the other perhaps off, but one end of it or about half of it looked like it had been stepped on several times"; and to state that it appeared to have been recently placed or to have fallen on the ground, where witness first observed it, and whether or not it appeared to have been stepped on where witness first observed it on the ground. The court erred, therefore, in sustaining the defendant's objections and excluding such testimony offered by the plaintiff.

■ We are of the opinion, however, that these rulings of the court were innocuous, for the reason that if this testimony had been admitted, the defendant was, nevertheless, entitled to the affirmative charge.

■ There was no affirmative evidence that the banana peel was on the step of the street car; whether or not it had been was, at best, left to a matter of inference, and in order to impute to the defendant's servant or agent in the operation of the car, the want of due care in the circumstances, the jury would have to further infer that the peel had remained on the step of the street car for such length of time as that the operator of the car had knowledge of its presence on the step, or, in the exercise of due care, should have known of its presence on the step, thus predicating one inference upon another, which is not permissible. Gadsden General Hospital v. Bishop, 209 Ala. 272,

96 So. 145; Atlantic Coast Line R. Co. v. R. L. Cooper Lumber Co., 219 Ala. 484, 122 So. 661; United States v. Ross, 92 U.S. 281, 23 L.Ed. 707; Atchison, Topeka & Santa Fe Railway Company v. Baumgartner, as Adm'r, 74 Kan. 148, 85 P. 822, 10 Ann.Cas. 1094, and note page 1096.

In the case of Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896, 898, the plaintiff's testimony "was direct and positive as to the presence of the piece of banana peel, and clearly supported a conclusion [inference] that his fall was caused by stepping on same," nevertheless the court held that the evidence did not warrant an inference that the operator of the elevator had knowledge of its presence, or that it had been on the floor of the elevator for such length of time as to impute to said operator negligence in failing to remove it.

In Anjou v. Boston Elevated Railway Company, 208 Mass. 273, 94 N.E. 386, 21 Ann.Cas. 1143, the evidence showed without dispute that the banana peel was on the floor of the station; that it was the duty of the defendant's servants, some of whom were on duty all the time, to discover and remove such objects from the floor, and there was evidence tending to show that the peel had been on the floor for considerable time; that it "felt dry and gritty as if there were dirt upon it"; that "it was tramped over a good deal"; was "flattened down, and black in color," "every bit of it was black, there wasn't a particle of yellow"; it was "black, flattened out and gritty." In such circumstances the court held that this evidence afforded a legitimate inference that the defendant's employees, charged with the duty "to observe and remove whatever was upon the platform to interfere with the safety of travellers," were guilty of negligence in not discovering and removing such banana peel.

To repeat, there was no affirmative evidence in the case at bar that the peel was on the step, nor how it came to be where it was discovered by the plaintiff, on the ground under the step.

Our judgment therefore is that the court did not err in giving the affirmative charge for the defendant.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.