103 So.2d 177

**GREAT ATLANTIC AND PACIFIC TEA CO.**

v.

**Mrs. W. H. BENNETT.**

**GREAT ATLANTIC AND PACIFIC TEA CO.**

v.

**W. H. BENNETT.**

6 Div. 187, 188.

Supreme Court of Alabama.

March 6, 1958.

Rehearing Denied June 12, 1958.

Drennen, Loeb & Drennen, Birmingham, for appellant.

Rogers, Howard & Redden, Birmingham, for appellees.

SIMPSON, Justice.

Mrs. Bennett brought this action to recover for personal injuries resulting from a fall in appellant's grocery store. Mr. Bennett brought his action to recover for loss of services, etc. of his wife. The two actions were consolidated, tried together, and the jury awarded Mrs. Bennett $5,000 damages and Mr. Bennett $1,500 damages.

The appellees entered the store of appellant late in the afternoon of January 28, 1955. They turned to their right and were proceeding to where shopping carts were maintained for the use of the customers. A short distance from the carts, Mrs. Bennett slipped and fell. Mr. Bennett was behind his wife, but could not prevent the fall. After she fell, Mrs. Bennett observed that she had slipped on some type of vegetable leaf. Her testimony as to the leaf was that it was "a little green looking—looked like it might have been or could have been either a turnip green leaf or lettuce or could have been an onion. It was green and kind of rolled. * * * [It] appeared to be rolled up or crushed." She further testified it was dirty. A witness for plaintiff testified that the leaf was dirty and that it had been rolled, pushed, or crumpled. The leaf was within an area usually traveled by customers and where customers normally walked upon entering the store.

The principle argument for reversal is that the defendant was entitled to the affirmative charges which the court refused.

A storekeeper owes his customers, invitees, the duty to use reasonable care in the maintenance of his premises, to keep his premises in a reasonably safe condition for use by said invitees. Rowe v. Alabama Power Co., 232 Ala 257, 167 So. 324; Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896; Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187.

But a storekeeper is not an insurer of his guests or invitees. Neither does the doctrine of res ipsa loquitur apply. Ten Ball Novelty & Mfg. Co. v. Allen, supra; Britling Cafeteria Co. v. Naylor, supra; Rowe v. Alabama Power Co., supra. Negligence is not presumed from the mere fact of injury. Britling Cafeteria Co. v. Naylor, supra, and cases cited therein.

Our review, of course, of the propriety of the refusal by the trial court of the affirmative charge is governed by the oft-stated rule that where reasonable inferences may be drawn adverse to the party who requested the charge, the trial court's action in refusing the charge must be sustained. Adams v. Queen Ins. Co. of America, 264

Ala. 572, 88 So.2d 331; Hasty v. Hasty, 260 Ala. 90, 69 So.2d 282; Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224. Stated another way, where the evidence bearing upon the question of defendant's negligence is not entirely free of doubt or adverse inference, the issue must be submitted to the jury for decision, under appropriate instructions of the court. Sullivan v. Alabama Power Co., supra.

■ The decision of this case, we think, may be rested upon two recent cases of Great Atlantic & Pacific Tea Co. v. Weems, 1957, 266 Ala. 415, 96 So.2d 741, and Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274. The Popkins and the Weems cases held that from the condition of the offending substance upon the floor of the place of business, it could be inferred by the jury that the substance had been on the floor long enough for the defendant, in the exercise of reasonable diligence, to have noticed it and had it removed. We are unable to rationalize any sound distinction between the Weems and Popkins cases and the one at bar. We think there was a scintilla of evidence to support the verdicts here and the trial court was correct in refusing to give the affirmative charges at the request of defendant [18A Ala.Dig., Trial, ⊂⊐139 (1 f), p. 369]. From the testimony on trial, it could reasonably be inferred by the jury that the leaf had been on the floor a sufficient length of time, to give defendant notice of its presence. While the burden does rest on the plaintiffs to prove their case, we think in the light of the two cases ubi supra this burden was discharged.

The appellant here earnestly urges that this court overlooked or ignored the case of F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667, in deciding the Popkins and Weems cases. However, as we view it, the Ney case is distinguishable from these cases and the one at bar in one material respect. In the Ney case the offending substance was a banana peel in a ten-cent store, a substance evidently dropped by a customer and not something which might be expected to be found on the floor of such a business. In the case at bar it was vegetable matter in a grocery store. Customers, as well as employees, in a grocery store are likely to be handling and carrying vegetables and dropping matter on the floor. It is a hazard of the business and on the store rests the burden to be on the alert for such hazards.

Error was not committed in refusing those charges set out in appellant's assignments of error 7, 8, 9, 10, 11, and 12. They were either abstract, incorrect statements of the applicable law or were fairly covered by the court's general oral charge. Title 7, § 273, Code of 1940.

■ Finally it is argued that the trial court erred in refusing the defendant's motion for a new trial. The one ground impressing us as worthy of treatment is that the verdicts were excessive. We of course are familiar with the rule of review in such cases (Weems case, supra, and cases cited; Woodward Iron Co. v. Earley, 247 Ala. 556, 25 So.2d 267; Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633; Central of Georgia Railway Co. v. White, 175 Ala. 60, 56 So. 574). On the whole evidence, we are not inclined to disturb the judgment in favor of Mrs. Bennett. Pain and suffering attendant upon such an injury, the permanency and extent thereof, are all factors difficult to determine or to gauge by monetary standards. We therefore affirm the judgment in favor of Mrs. Bennett. We do think, however, that the judgment of $1,500 in favor of Mr. Bennett was excessive, and a remittitur of $500 is ordered.

Affirmed in part, and in part reversed and remanded conditionally.

All the Justices concur except STAKELY, J., not sitting.