213 So.2d 211

**FOODTOWN STORES, INC.**

v.

**Mary PATTERSON.**

**FOODTOWN STORES, INC.**

v.

**Floyd L. PATTERSON.**

**1 Div. 279, 279–A.**

Supreme Court of Alabama.

June 27, 1968.

Rehearing Denied Aug. 22, 1968.

Hogan, Helt & Conway, Mobile, for appellees.

Holberg, Tully & Hodnette, Mobile, for appellant.

KOHN, Justice.

Mrs. Mary Patterson, appellee in 1 Div. 279, brought suit against Foodtown Stores, Inc., to recover damages for personal injuries allegedly suffered when she slipped and fell in Foodtown Stores' self-service grocery store in Mobile. Floyd L. Patterson, appellee in 1 Div. 279-A, brought suit for loss of his wife's "society, consortium and service," and for expenditures made by him, and which will be required in the future "in and about the care and treatment" of his wife.

The complaint, in each case, charges that defendant negligently permitted or caused "a bean or beans to be or remain on the floor" of defendant's store and "as a proximate result of said negligence" Mrs. Patterson "was caused to slip and fall" and received the injuries complained of.

Both cases were tried together before a jury. There was a separate verdict and judgment thereon in each case in favor of each plaintiff. Defendant brings these appeals from those judgments, and also from the judgment in each case overruling its motion for a new trial. Both cases were submitted here on one record.

The accident complained of by Mrs. Patterson occurred on January 16, 1960, between 6:00 and 7:00 P.M., in defendant's food store in Mobile, Alabama. Mrs. Patterson entered the store for the purpose of purchasing several items, and had proceeded to the produce department to pick up two cartons of beer. She picked up the beer and was returning to her grocery cart when she fell. She was knocked unconscious by the fall, and testified that, upon regaining consciousness, she saw two snap-beans on the floor. There is no evidence as to the condition of the beans, and Mrs. Patterson stated that she did not see anything on the floor prior to her fall.

Billy E. Griffin, an employee of defendant at the time of the accident, testified that, at the time of the fall, he was in the back room of the store, but that prior to this, he had been in the produce section where he had swept and straightened up for inventory; that he had been in the back of the store for approximately ten minutes, but had cleaned and swept the area before leaving, and that at that time, there were six or seven customers at the produce rack; that when he left the produce section, he did not see anything on the floor, nor did he ever see the bean that Mrs. Patterson said she stepped on.

Another employee of defendant, Stanford Gollotte, testified that he had also swept the produce area earlier, and as a matter of practice usually went over and checked the produce area after seeing customers there, to see if they had dropped anything on the floor. That, on this occasion he was busy operating one of the cash registers, and for this reason did not check the produce area although he saw several customers over there.

The principal question on this appeal is whether there was sufficient evidence to submit the case to the jury. Our conclusion is that it was not error to deny defendant's requested affirmative charge with hypothesis in each case, nor to overrule defendant's motion for a new trial in each case on the ground that the verdict was contrary to the great preponderance of the evidence.

Mrs. Patterson was an invitee of the defendant and the defendant, therefore, was charged with the duty of using ordinary or reasonable care to keep its premises in a reasonably safe condition. The rule is that in an invitor-invitee relationship, the invitor is not the insurer of the safety of its invitees, nor does the principle of res ipsa loquitur apply. No presumption of negligence arises from the mere fact of injury to an invitee. See: Maybilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590; Southern Minerals Co. v. Barrett, 281 Ala. 76,

199 So.2d 87, 90–91; Great Atlantic & Pacific Tea Co. v. Bennett, 267 Ala. 538, 103 So.2d 177; S. H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171; Great Atlantic & Pacific Tea Co. v. Weems, 266 Ala. 415, 96 So.2d 741; Great Atlantic & Pacific Tea Company v. Popkins, 260 Ala. 97, 99, 69 So.2d 274; Kittrell v. Alabama Power Co., 258 Ala. 381, 63 So.2d 363; Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187; F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667.

The appellant bases his argument on the holdings of this court in the case of S. H. Kress & Co. v. Thompson, supra, and the three *Great Atlantic and Pacific Tea Company* cases, supra. These and other pertinent cases were recently summarized in a well-written opinion of this court in the case of Maybilt, Inc. v. Deese, supra. In Maybilt, Inc. v. Deese, supra, the court, in holding that the plaintiffs had not met the burden of proof placed on them in establishing the alleged negligence of the defendant, quoted the following from S. H. Kress & Co. v. Thompson, 267 Ala. 566, 569, 103 So.2d 171, supra.

"The rule is also well established that if there is evidence which tends to show that a foreign substance has been on the floor for a long while, it is proper for a jury to impute negligence to the defendant for not discovering and removing such foreign substance. Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; Anjou v. Boston Elevated Railway Co., 208 Mass. 273, 94 N.E. 386. So to prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. * * *

* * * * * *

"It is not necessary, however, to enter direct evidence as to the length of time a foreign substance has remained on the floor; it is permissible to allow a jury to infer the length of time from the nature and condition of the foreign substance. In Great Atlantic & Pacific Tea Co. v. Popkins, supra, wherein the plaintiff slipped on a lettuce leaf, this court stated [260 Ala. 97, 69 So.2d 276]:

" ' * * * The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it. * * *'

"In the instant case, there was no evidence introduced as to how long the foreign substance upon which Mrs. Thompson slipped was on the floor. For aught that appears from the evidence introduced, it might have been dropped upon the floor a minute before the appellee slipped upon it. No evidence was introduced to the effect that the appellant or any agent of the appellant knew the substance was on the floor. * * *"

It is upon this language that the appellant bases his contention for a reversal of the cases. We do not agree.

■■ This court judicially knows that markets and supermarkets today are not like the old time corner grocery store where customers came in at infrequent times, and were waited upon and did not have to "serve themselves." We also know that often several customers will be selecting produce at the same counter at the same time, and such was the tendency of the evidence in these cases. To hold as a matter of law that a customer has to spend some of his time looking for beans and other vegetable matter on the floor surrounding the counter and area, where and

while the customer was shopping, would place a higher duty upon the customer than the law requires. First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18.

■ There are many factual matters that are involved in cases such as this—as examples: How old was the plaintiff? Her general health at the time of the accident? How much did she weigh? Was she wearing high or low heels? Was she under medication at the time that could have caused her to lose her equilibrium? Did she wear glasses? Bifocals? How long since they were changed or corrected? What was the condition of the floor as to color? Was it a slippery floor, or did it have a non-slippery surface? Countless other matters are important and usually present in such a case as this. All of such, however, are factual and for the jury to consider in each case, after proper instructions from the court. We think the facts in this case are distinguishable from the facts in *Maybilt*, supra, and the *Kress* case, supra. Here there was ample evidence from which the jury could have inferred negligence. One employee of the store who was in the area of the scene of the accident some ten minutes before it happened, admitted six or seven customers were at the produce counter where the plaintiff was, or in the general area. There was also evidence that vegetables or produce did sometimes fall into the aisle. The jury could have inferred that due to the presence of such vegetable matter on the counter, and the presence of six or seven other customers at the counter, vegetable matter could have very easily been knocked off to the floor by one of these six or seven customers. Further, there was evidence that about ten minutes had elapsed between the time an employee of the store swept the floor in this area on the day of the accident, and the time of the accident. This particular employee admitted that there were six or seven people present at this counter, yet he left the scene and had been gone approximately ten minutes before the accident. The jury could well have reasonably inferred that this witness, when he was sweeping or cleaning, was not just exercising but was moving some debris or vegetable matter from the floor just ten minutes before the accident occurred. All this was for the jury to pass on with other evidence on the question of negligence. Facts here did exist from which the jury could have concluded negligence.

■ We do not think that what we define as a "stop watch" rule should be adopted by the court in actions such as these by holding, as a matter of law, any particular time shall govern as to whether the sweeping, cleaning, or lack of sweeping and cleaning is negligence. Each case should be decided upon its specific facts. We hold the rule to be that no absolute or positive invariable rule can be announced that can be applied to each case, and which will correctly define the duties of store keepers (invitors) in all cases, or the duties of the invitees (customers). The duties and liability of the invitor (store keeper), and the duties, risks and rights of the invitees (customers) must of necessity depend upon the circumstances of each particular case. First National Bank of Mobile v. Ambrose, supra. It is the continuing duty of a store keeper (invitor) to exercise reasonable care in the maintenance of his premises used by his invitees (customers) and keep such in a reasonably safe condition. Maybilt, Inc. v. Deese, supra; Southern Minerals Co. v. Barrett, supra; Great Atlantic & Pacific Tea Co. v. Bennett, supra; S. H. Kress & Co. v. Thompson, supra; Great Atlantic & Pacific Tea Co. v. Weems, supra; Great Atlantic & Pacific Tea Company v. Popkins, supra; Kittreil v. Alabama Power Co., supra; Ten Ball Novelty & Mfg. Co. v. Allen, supra; Britling Cafeteria Co. v. Naylor, supra; F. W. Woolworth Co. v. Ney, supra.

■ Here the evidence must be viewed in the light most favorable to the plaintiff,

and under the "scintilla rule" that exists in this jurisdiction these cases were properly submitted to the jury, and the refusal to give the affirmative charge in each case was not error. Great ·Atlantic & Pacific Tea Co. v. Bennett, 267 Ala. 538, 103 So.2d 177; Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331; Hasty v. Hasty, 260 Ala. 90, 69· So.2d 282; Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224.

The appellant next contends that the appellees did not prove that the medical expenses incurred in the treatment of Mrs. Patterson were reasonable expenses, and therefore said expenses should not have been recoverable as elements of damages.

The law in Alabama is clear that there must be proof of the reasonableness of expenses which are not of common knowledge. United Security Life Ins. Co. v. Sikes, 40 Ala.App. 677, 122 So.2d 289; Conner v. Hamlin, 33 Ala.App. 54, 29 So. 2d 570; Aplin v. Dean, 231 Ala. 320, 164 So. 737; Birmingham Amusement ·Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L. R. 840.

In the · case of Birmingham Amusement Co. v. Norris, supra, the expenses involved were doctors' bills. The court stated the rule as follows:

"In every case where a party has incurred expense as the result of another's wrong, only so much is recoverable therefor as is a reasonable and proper amount under the circumstances. Manifestly, the party so claiming must show to the jury what is reasonable and proper, as a necessary basis for their finding. If the subject be a matter of common knowledge, and the nature of the charge or expense be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary. Birmingham Ry., Light & P. Co. v. Humphries, 172 Ala. 495, 497, 55 So. 307, citing 3 Suth. on Damages (2d Ed.) 2674. Otherwise, there being no evidence to show what is a reasonable amount, the defendant must either move for the exclusion of the testimony as to payment or liability to· pay, at the close of the evidence, or he must ask for an affirmative instruction against recovery in that behalf, as in other cases of failure of proof."

In Alpin v. Dean, supra, the expense involved was a hospital bill, and the court in holding that it was necessary to prove it was a reasonable expense, stated the following:

·"There was no error in permitting the plaintiff to prove the amount of the hospital bill. However, before · the ' jury could award him any amount to cover this expenditure, the plaintiff had to show that the bill or charge was reasonable. · The plaintiff could not prove both the charge and the reasonableness of the same at one and the same time. True he must prove both. The natural order is to prove what the charge was, and then prove whether or not it was reasonable. If, after proving the amount of the charge, the plaintiff should fail to offer any evidence tending to show hospitalization was necessary, and the charge to be reasonable, the defendant should either move for the exclusion of the testimony as to the charge or bill, at the close of the evidence, or should ask for an affirmative instruction against recovery in that behalf, as in other cases of failure of proof. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Birmingham Ry., Light & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307."

In the cases before us, Dr. Henderson testified for the appellees and stated that his bill for Mrs. Patterson's treatment was $150. Appellee, Floyd L. Patterson, testified that the hospital bill incurred by him due to his wife's injury was $530; that he had incurred an expense of $28.20 for a surgical brace for his wife; an expense of $36.14 for prescriptions and

medicines; and that he had paid Dr. T. J. Bender $40 for medical treatment of his wife. None of these expenses was shown to be reasonable, and they are outside the realm of common knowledge. The appellant made a proper and timely motion to exclude these expenses at the close of the testimony. This motion was erroneously overruled by the trial court. Although the trial court erred in making this ruling, we do not believe it necessitates a reversal of these cases. In regard to the case of Mrs. Patterson, the evidence shows, and appellant admits in his brief, that these expenses were those of Mr. Patterson for which he was obligated and accepted the responsibility to pay. Under these circumstances, we hold that these items were not included in the verdict rendered in favor of Mrs. Patterson, but were included in the verdict rendered in favor of Mr. Patterson. They could not be claimed as damages by both parties, and in this case, the evidence shows that appellee, Floyd L. Patterson claimed them

In the case of appellee, Floyd L. Patterson, these expenses were improperly before the jury for their consideration as elements of damages. However, we do not think it necessary to reverse the case and grant a new trial if the appellee, Floyd L. Patterson, will make a remittitur of the following amounts: $150 bill of Dr. Anderson, $530 hospital bill; $20.28 bill for surgical brace; $36.14 bill for prescriptions and medicines; and $40 bill of Dr. Bender. This is a total of $776.42, and we feel that the judgment is excessive to this extent. In the case of Ferguson v. Callahan, 262 Ala. 117, 76 So.2d 856, the plaintiff collected $750 for punitive damages, as well as an award for compensatory damages. This court held that there was not sufficient evidence to establish the malice required to support the award for punitive damages, and that a remittitur of $750 was proper in lieu of granting a new trial. The situation in the present case is very similar. Although there was evidence to support the award of damages for medical, doctor and hospital bills, this evidence was not sup-

ported by evidence of reasonableness of such expenses. We hold, therefore, that a remittitur of these damages is proper, rather than a remand for a new trial. This view has been upheld in other jurisdictions. Chicago, R. I. & P. Railroad Co. v. Batsel, 100 Ark. 526, 140 S.W. 726; Tully v. Mahoning Export Co., Inc., 161 Ohio St. 457, 119 N.E.2d 831, 45 A.L.R.2d 1144; Mason v. James, 19 Tenn.App. 479, 89 S.W.2d 910. See, also, 5 Am.Jur.2d 370, § 943; 5B C.J. S. Appeal & Error § 1869, p. 311.

Appellant also contends that the damages for medical expenses and maid service are special damages and that they must be claimed as such in the complaint. Appellant also alleges that the following averment in the complaint of Floyd L. Patterson is nothing more than a general averment which will not support a recovery for special damages such as medical and nursing expenses:

"* * * [Plaintiff] was caused to incur and expend great sums of money in and about the treatment of said wife and in the future will be required to expend large sums of money in and about the care and treatment of said wife. * * *"

We agree with appellant's proposition of law that such damages must be alleged in the complaint. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388; Atlantic Coast Line R. Co. v. Watson, 215 Ala. 254, 110 So. 316; St. Louis & S. F. R. Co. v. Trice, 202 Ala. 352, 80 So. 434. We do not agree, however, that the averment here was merely a general averment.

The word "treatment" would seem to clearly cover such things as doctors' bills and nursing expenses. In other situations, this court has given the word "treatment" a broad construction. Hester v. Ford, 221 Ala. 592, 130 So. 203.

We find no reversible error in 1 Div. 279, and affirm the judgment for appellee, Mary Patterson.

A judgment will be entered here in 1 Div. 279–A that unless the appellee, Floyd

L. Patterson, files a remittitur of the amount of the judgment of the trial court in excess of $2,223.58 with the Clerk of this Court within thirty days, as provided by Section 811, Title 7, Code of Alabama, 1940, the judgment of the trial court shall be reversed and remanded. If such remittitur is duly filed, the amount of the judgment shall be reduced to $2,223.58; the cause shall stand affirmed; and a judgment shall be entered here for the appellee, Floyd L. Patterson, for $2,223.58, with interest from the date of the rendition of the judgment in the trial court.

Affirmed as to 1 Div. 279.

Affirmed conditionally as to 1 Div. 279–A.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.