266 So.2d 146

**WINN DIXIE MONTGOMERY, INC.**

v.

Mary **BRINDLEY.**

**6 Div. 126.**

Court of Civil Appeals of Alabama.

June 14, 1972.

Rehearing Denied July 12, 1972.

Davies, Williams & Wallace, Birmingham, for appellant.

Cicio & Winston, and Richard L. Taylor, Birmingham, for appellee.

**PER CURIAM.**

The trial of this cause was had on a one count complaint filed in the Jefferson County Division of the Tenth Judicial Circuit by appellee, Mary Brindley, against appellant, Winn Dixie Montgomery, Inc., for negligently allowing or permitting a round stick to be or remain on the floor of one of appellant's Birmingham stores, thereby being the proximate cause for appellee, as an invitee, to fall and be injured. The issue was joined by a plea in short by consent. The case was tried before a jury which returned a verdict for appellee and assessed her damages in the amount of $5,000. There are several assignments of error by appellant to which this court must address itself. One assignment of error claims that prejudiced or hearsay evidence was admitted, two other assignments of error state that the court erred in refusing the affirmative charge and the other assignments of error relate to the court's further refusal to give certain charges.

Evidence during the trial of this cause reveals that several customers were in the area of the produce counter of appellant's store when appellee fell there. One of the customers testified that he was at appellee's side only moments after she fell and upon his arrival another female customer was standing there with a round, dirty, wooden stick about the diameter of a pencil and about ten to twelve inches long, and this female customer exclaimed that this was what appellee had probably fallen on. The unidentified lady customer than gave the stick to a store employee. The customer further testified he had been in the store for approximately fifteen minutes and saw no one sweeping the floor. The stick was not available for trial. Store personnel testified that there were standing orders to sweep the floor and this was done three or four times daily. A store employee further testified he had swept the floor in the area where appellee fell some five to ten minutes before appellee fell. The store personnel further testified that the stick in no way appeared to have been or to have come from appellant's inventory. Appellee testified that she had been in the store fifteen to twenty minutes when the incident occurred and that she entered the premises of appellant as a business guest. She further stated that she did not see the stick until she fell on it and that in her best judgment the stick caused her to fall. She testified she had seen no one sweeping the floor.

■ The appellant argues that the trial judge erred in allowing a witness, Clyde Spradlin, to testify over objection that an unidentified lady with a stick in her hand stated, in substance, that the stick was the cause of appellee's fall. Appellant's attorney ably contends this statement is not a spontaneous exclamation and was not admissible as part of the *res gestae*. This court is of the opinion that appellee's fall and the statement of the unknown customer were so closely connected in point of time that it was generally spontaneous and could quite easily be considered part of the *res gestae* by the trial court, and as such, properly admissible into evidence. The Supreme Court, in Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 391, 80 So. 470, 473, stated:

"... it is not essential for exclamations and statements to be admissible as res gestae that the same should have been made by a party to the suit. It is a well-settled rule of the modern law of evidence, applied to civil cases, that, where the making of a statement 'assists to constitute the transaction or to prove per se a relevant fact, the declaration is competent.' ... Such declarations have been admitted as evidence as a part of the res gestae, though made by a mere bystander, ... "

■ The exclamation, to be admissible, must be part of the transaction and under such circumstances as that its spontaneity is assured. See Ala. Power Co. v. Adams, 31 Ala.App. 438, 18 So.2d 145. The Supreme Court of Alabama has stated in Bessierre v. Alabama City, G & A Ry. Co., 179 Ala. 317, 330, 60 So. 82, 86, that it is difficult if not impossible to accurately define the principle of *res gestae*. The Supreme Court stated in Harrison v. Baker, 260 Ala. 488, 71 So.2d 284, that each case must be controlled by its facts and circumstances; that it is not to be expected that any two will have the same incidents to be given effect in that respect. We think the trial court correctly ruled in overruling the objection and that the statement of the unidentified customer should have been properly admitted into evidence as a part of the *res gestae*.

■ Appellant further assigns as error the refusal by the trial court to give to the jury its writen request for the affirmative charge. This court, in the recent case of Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586, defines the duty owed by a storekeeper to its business invitees and the evidence required of the plaintiff to prove a prima facie case as to the breach of such duty. We see no reason to further state the law as this court understands it to be. As we state in Delchamps, Inc. v. Stewart, supra, each case should be decided upon its specific facts. In that case this court cited Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211, wherein it is stated:

"We hold the rule to be that no absolute or positive invariable rule can be announced that can be applied to each case, and which will correctly define the duties of store keepers (invitors) in all cases, or the duties of the invitees (customers). The duties and liability of the invitor (store keeper), and the duties, risks and rights of the invitees (customers) must of necessity depend upon the cir-

cumstances of each particular case." (282 Ala. at page 482, 213 So.2d at page 216)

As we stated in the *Delchamps* case, supra, we subscribe to this rule. This court feels that the facts of this case are very similar to Delchamps, Inc. v. Stewart, supra, except in one important factual regard. In the *Delchamps* case the evidence showed that the substance that caused the invitee to fall, to-wit, the onion leaf, was not in such a condition as could reasonably lead one to believe that it had been on the floor for any period of time.

■ In the *Delchamps* case, supra, the object causing the fall appeared undamaged, thus the factual inference that the leaf had been on the floor for such a period of time as to place the duty upon the owner to discover it and remove it was not present. In this case the evidence seems clear that the condition of the object causing the fall; that is, the stick about the size of a pencil in diameter and twelve inches in length, was in such a condition that a factual inference could be drawn that it had been on the floor for such a length of time as to place a duty upon defendant to discover it and remove it. Applying the rule set out in the above mentioned cases, this court cannot say that the trial court erred in refusing to give the affirmative charge as requested by appellant.

■ Assignment of Error Ten is predicated on the fact that the trial court erred in not granting appellant's motion for a new trial on the grounds that the trial court in its oral charge incorrectly instructed the jury as to the law of contributory negligence. Counsel for appellant excepted to the following portion of the trial court's charge:

"We, the Defendant, except to sections or segments of the Court's oral charge to the Jury where the Judge was talking about the defenses of a Defendant in re-

lation to contributory negligence, stating in substance that the burden of proof was on the Defendant to reasonably satisfy the Jury that the negligence of the Plaintiff was directly resulted in her injury and damage or words to that effect. Do you use the words direct result or directly resulted in lieu of the word directly contributed or proximately contributed?"

From a reading of the court's oral charge in its entirety, this court does not feel that the trial judge committed reversible error. Particular attention is called to that portion of the court's oral charge on page 194 of the record wherein the court stated, ". . . or if you are reasonably satisfied that the plaintiff was guilty of negligence directly contributing to her fall, your verdict should be for the defendant."

█ Assignments of Error Four, Five, Six, Seven and Nine further assign as error the court's refusal to give certain requested charges. This court feels that the trial court cannot be placed in error in refusing to give any of these requested charges as the trial court's oral charge, taken in its entirety, correctly and adequately instructed the jury as to the law. The refusal of a requested charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fully given to the jury in the court's general charge. Tit. 7, § 273, Code of Alabama of 1940 (Recompiled 1958).

█ Assignment of Error Eight is not argued and therefore not considered by this court. See Supreme Court Rule 9.

For the above stated reasons, this court is of the opinion that there is no reversible error argued in brief and, therefore, this case is affirmed.

Affirmed.

All judges concur.

## ON REHEARING

PER CURIAM.

Appellant, in his application for rehearing and well reasoned brief in support thereof, contends in part that this court has departed from the holdings as announced in May-Bilt v. Deese, 281 Ala. 579, 206 So.2d 590, and Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586.

This court has attempted to follow the above mentioned cases and other authorities as noted in our opinion. However, the facts as presented by the record and as viewed by this court do not allow us to reverse the trial court for its refusal to give the affirmative charge.

The Supreme Court of Alabama stated in S. H. Kress & Co. v. Thompson, 267 Ala. 566, 569, 103 So.2d 171, 173:

"The rule is also well established that if there is evidence which *tends* to show that a foreign substance has been on the floor for a long while, it is proper for a jury to impute negligence to the defendant for not discovering and removing such foreign substance. Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; . . ." [Emphasis added.]

█ This court in this case, as in all cases of appeal from the refusal of the trial court to give the affirmative charge requested by the defendant, was viewed by considering the evidence in its entirety in a light most favorable to the plaintiff. It was only after so doing that we concluded the evidence, with all reasonable inference possible to be drawn therefrom, was sufficient for the consideration of the jury.

We have examined the trial court's denial of the affirmative charge with all presumption of correctness and found it not to be in error.

Application for rehearing overruled and opinion extended.