# MRS. JO TENNER MacDONNELL v. CARTER BLANKENSHIP et al.*—417 S.W.(2d) 713.

Middle Section. February 24, 1967.

---

* No petition to the Supreme Court for Certiorari was filed in this case, but, on request, the opinion was submitted to the Presiding Judge of the Court and a Committee and was approved for publication under rules adopted by the Court.

Goodpasture, Carpenter, Woods & Courtney, Nashville, for petitioner.

McCarley & Hollins, Nashville, for respondents.

SHRIVER, J.  This is a petition for certiorari and supersedeas wherein petitioner, Mrs. Jo Tenner Mac-Donnell, seeks to supersede an order of Honorable Henry F. Todd, Judge of the Third Circuit Court of Davidson County, requiring her or her attorneys to furnish respondents the name of a witness to the motor vehicle accident which is the subject of the action in that Court.

The petitioner avers that the suit below was brought for the wrongful death of her son, which occurred April 12, 1966. After a declaration was filed defendants-respondents filed a plea of the general issue and the case was set for trial in January, 1967.

On October 27, 1966, defendants took the discovery deposition of the plaintiff below, petitioner here, whereupon, the following questions were propounded to her by the defendants-respondents and the following answers given under oath:

"Q. Now Mrs. MacDonnell, do you know of anyone who actually saw this accident happen?

A. No, I don't.

Q. Do you know whether your lawyers know of anyone who saw it happen, other than the truck driver?

A. I don't know.

Q. If they have the names of any witnesses in their file, would you have any objection to giving us their names and addresses?

MR. CARPENTER, JR.: I will instruct her not to answer that question."

On January 13, 1966, the defendants-respondents brought on to be heard the following motion:

"Come the defendants who move the Court that the plaintiff be required to provide the defendants with the names and addresses of any witnesses to the accident out of which this lawsuit arises who names and addresses may be in the possession of the plaintiff or the plaintiff's attorneys."

The foregoing motion was supported by an affidavit of one of the attorneys for the defendants-respondents wherein it is asserted that affiant was advised by an officer of the Metropolitan Police Department that William F. Carpenter, Jr., attorney for the plaintiff, asserted that he had the name and address of a witness having knowledge of the facts relevant to the accident described in plaintiff's declaration; that immediately following the accident a representative of the defendants made a thorough investigation of same, including a canvass of the scene for witnesses to the accident; that affiant himself made an investigation of the accident and that he and the other investigator had used diligence to discover the name and address of the witness known to plaintiff's attorney but had failed to discover same.

The Trial Judge sustained the motion and ordered that plaintiff on resumption of her discovery deposition furnish the identity of witnesses in her possession or in the possession of her attorneys.

The petition asserts that said order was erroneous and prays for Writ of Certiorari and Supersedeas to set it aside.

In the assignments of error it is asserted that the effect of the order is to permit defendants to raid the file of plaintiff's attorneys; that the information sought is within the protection of the work product rule; that it is beyond the scope and purview of the Discovery Deposition Statute; that the affidavit in support of the motion is insufficient; and that the effect of the order is to penalize diligence on the part of the plaintiff's attorneys and to reward lack of diligence on the part of defendants.

Under the Deposition Law of 1959, T.C.A. sec. 24-1201 et seq., it is provided (24-1204) that unless otherwise ordered the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action including the identity and location of persons having knowledge of relevant facts.

Section 24-1205, T.C.A. provides that the Trial Judge may limit the manner of taking or the scope of examination " * * * where the requesting party has not, in the discretion of the court, used diligence to discover such things for himself."

As this Court observed in Price v. Basham an unreported opinion by Judge Humphreys filed May 22, 1962, the finding of witnesses cannot fairly be said to be the work product of a lawyer and on that account within the protection of that doctrine as discussed in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and other cases cited, since, as said by Chief Justice Taft in the much quoted dictum in Shaw v. Ohio Edison Co., 9 Ohio

Dec. Reprints 809, "witnesses do not belong to one party more than to another."

In Puckett v. Broome, 53 Tenn.App. 663, 385 S.W.2d 762, the Court, while reversing the lower court's order, asserted that petitioner could readily have obtained the identity and location of persons having knowledge of the relevant facts when the discovery deposition was taken, but instead had elected to rely on her insistence that documents be produced.

In Medic Ambulance Service v. McAdams, 216 Tenn. 304, 392 S.W.2d 103, in an opinion by Mr. Justice Chattin it was said:

"The statute in reference to discovery depositions is predicated upon the presumption that it may be allowed by the trial judge. This, of course, means that it is a discretionary matter with the trial judge. What is meant by discretion?

We think it means a sound discretion, exercised, not arbitrarily or wilfully, but with regard to what is right and just under the circumstances and the law, and directed by the trial judge's reason and conscience to a just result."

\*     \*     \*     \*     \*     \*

"It is apparent a trial judge, in whose court the action is pending, in his discretion, may, prior to the taking of a deposition, or on the resumption of the taking of a deposition which has been suspended, upon motion of a party or deponent and 'upon notice and for good cause shown,' may make an order requiring the adversary to disclose names of witnesses or disclose or produce things pertaining to the litigation; but in the

event he should find the requesting party has not used diligence to discover such things for himself he may in his discretion, refuse to make such an order.''

■ Under the facts and circumstances disclosed by the record herein we are of opinion that it was within the discretion of the Trial Judge to enter the order complained of and that the record does not disclose any abuse of that discretion.

It results that the Writ of Supersedeas is denied at the cost of the petitioner.

Denied.

Humphreys and Puryear, JJ., concur.