**Lois S. REED, Plaintiff-Appellant,**

v.

**Gordon R. ALLEN, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

June 28, 1974.

Certiorari Denied by Supreme Court
March 10, 1975.

damages sustained in an automobile collision.

The collision in question occurred on October 18, 1970, at approximately 12:30 PM on Lylewood Road in Montgomery County, Tennessee. Plaintiff was driving her vehicle in a northerly direction, and defendant was driving his vehicle in a southerly direction. As the vehicles met, there was a collision. Each party testified that the other was "across the center on his left side of the road."

The assignments of error refer to the testimony of two witnesses who did not see the collision, but who saw a vehicle similar to that of plaintiff a short distance from the collision and testified as to the manner of movement of said vehicle at the time and place where they saw it.

Plaintiff objects to the testimony of said two witnesses on two grounds, (a) failure of defendant to disclose the identity of such witnesses when asked in a discovery deposition, and (b) irrelevancy of the facts related by said witnesses.

The alleged discovery deposition is not a part of the record. At the bar of this Court, counsel stated that the defendant had been interrogated for discovery, but that the transcription of the interrogation was never filed with the Clerk of the Trial Court as required by Rule 30.06 of the Rules of Civil Procedure. Therefore, the contents of said discovery deposition are unavailable to this Court except as shown otherwise in the evidence.

During the cross examination the defendant testified that:

(a) He had given a discovery deposition.

(b) At the time of the deposition, defendant knew that Mr. Gibbs, who was not present at the collision, had information which he was called upon to relate at the trial.

(c) On discovery defendant was asked "some questions: about "who you were

---

Cunningham, Mitchell & Hicks, Clarksville, for plaintiff-appellant.

Runyon & Runyon, Clarksville, for defendant-appellee.

## OPINION

TODD, Judge.

The plaintiff, Lois S. Reed, has appealed from a jury verdict and judgment dismissing her suit against the defendant, Gordon R. Allen for personal injuries and property

going to use, or anticipated using as witnesses."

(d) On discovery, defendant said nothing about anticipating using any witnesses except the occupants of his vehicle.

The mere showing that "some questions" were asked about the identity of anticipated witnesses to be called to the stand, not specifying the nature and content of the questions, did not necessarily burden defendant with a disclosure that Mr. Gibbs, or others might be called as witnesses.

█ Moreover, Rule 26.02, R.C.P. is not understood to require the disclosure of trial plans in respect to identity of persons who will be called as witnesses. Said rule requires only disclosure of "the identity and location of persons having knowledge of relevant facts."

Inquiries related to "witnesses to the accident," had the reasonable meaning of "persons who observed the accident." As stated, the witnesses, Leonard Gibbs and Sherrie Lewis, were not present at the time of the accident, but observed events at another time and place.

The record does not disclose any motion for mistrial, recess, continuance or other relief, except the objection to the admission of the testimony. It would appear that an opportunity to investigate, interrogate or otherwise respond to surprise testimony would ordinarily contribute more to the information available and the justice of the result than, as insisted by plaintiff, the exclusion of evidence and consequent denial of information to the jury.

It is insisted that decisions under the former deposition law allow discovery of identity of witnesses. In MacDonnell v. Blankenship, 57 Tenn.App. 224, 417 S.W.2d 713 (1967), the plaintiff denied knowledge of "anyone who actually saw this accident happen," and the Trial Judge ordered the plaintiff to obtain from her attorney and respond on further discovery with the names of any such "witnesses" known to counsel. This Court affirmed. In said case, it was obvious that the word "witnesses" referred to "anyone who actually saw this accident happen," rather than to "any person you plan to call as a witness in court."

In State ex rel Pack v. West Tennessee Distributing Co., 58 Tenn.App. 306, 430 S.W.2d 355 (1968), cited by appellant, this Court denied discovery of written appraisal reports from the files of counsel, where no sufficient need for same was shown. No question of discovery of names of prospective witnesses was involved. Likewise, Medic Ambulance Service Inc. v. McAdams, 216 Tenn. 304, 392 S.W.2d 103 (1965) and Southeastern Fleet Leasing, Inc. v. Gentry, 57 Tenn.App. 162, 416 S.W.2d 773 (1967) deal with the discovery of documents, rather than identity of witnesses.

█ Appellant further insists that, under the general rule, trial courts have discretion to exclude testimony of witnesses whose identity has not been disclosed on discovery. No Tennessee decisions are cited in support of this contention. Authorities cited from other jurisdictions do appear to support the discretionary power of trial courts to exclude testimony of witnesses offered by a party who failed to disclose such witnesses on discovery. However, said authorities appear to rest in part upon rules of civil procedure peculiar to the jurisdiction. Each recites the discretionary nature of the ruling, and the importance of the peculiar facts and circumstances of the case.

For example, in Mengel Properties v. City of Louisville, Ky., 400 S.W.2d 690 (1965), the Court held that whether a witness whose name has not been furnished may testify is a question for the sound discretion of the Trial Judge. In said case, the Trial Judge admitted the testimony and his action was held *not* to be an abuse of discretion.

In Carver v. Salt River Valley Water Users Assn., 8 Ariz.App. 386, 446 P.2d 492 (1968) the exclusion of testimony was held not to be an abuse of discretion under the "20 day pre-trial discovery deadline" of Arizona Rules; however, the Court said:

"[1-3] Our Rules of Civil Procedure are designed to promote decisions on the merits after a full and fair hearing, and the sanction of exclusion of a witness should never be lightly invoked. . . . Many variable circumstances determine whether a sanction is appropriate and if so, what sanction should be imposed. The precise nature of the interrogatories and discovery posture of the case, willfulness and the degree of prejudice are some of the important factors. There are cases holding that under some circumstances, exclusion . is inappropriate . . . and other cases holding exclusion justified . . . The decision is very largely a matter within the sound discretion of the trial court. (Citing Authorities)

"[4] In this case, the interrogatories were submitted to and answered by plaintiff after the pretrial conference, which followed plaintiff's filing of her certificate of readiness and motion to set the case for trial." 446 P.2d, p. 496

In the present case, the failure to place in evidence the entire deposition, or all of the pertinent parts thereof, the reasonable possibility of misunderstanding as to the meaning of questions asked, and the particular nature of the testimony admitted, all militate against the exclusion of evidence as a sanction for erroneous answer to discovery interrogation. That is to say, even if this Court were disposed to reverse a trial court for the admission of testimony of an undisclosed witness, this would not be a suitable case for such a ruling.

Furthermore, a study of our Tennessee Rules of Civil Procedure fails to disclose specific authority for so serious a sanction in cases such as this. Rule 37.02 provides for sanctions to follow "Failure to comply with Order," but no provision is found regarding sanctions for concealment of witnesses or evidence.

The first assignment of error complains that the concealment by defendant prevented plaintiff from preparing for or refuting the testimony in question. The record discloses no effort to prepare for or refute said testimony by motion for recess or instanter subpoenaes, nor does the brief of appellant suggest any concrete, effective benefits which would have resulted from a prior disclosure.

It is particularly significant that the motion for new trial was not supported by affidavit of other evidence which would be available on a new trial to rebut or impeach the testimony admitted at the first trial.

For the reasons stated, the first assignment of error is respectfully overruled.

■ The second assignment insists that the testimony should have been excluded as irrelevant.

By the testimony of defendant, quoted supra, it was shown that, prior to the collision, defendant had been following a vehicle pulling a horse trailer.

The witness, Leonard Gibbs, testified that, at about the time of the collision, he was driving his vehicle pulling a horse trailer on the same road and in the same direction as defendant; that, a short time later, he returned along the same road and saw the vehicles of plaintiff and defendant off the road; and that one of said vehicles (plaintiff's) was a Pontiac. As to said Pontiac, the witness testified as follows:

"Q. Now, where had you seen this car before, Mr. Gibbs?

A. In the curve approximately 200 hards below there on my trip down.

Q. On your trip to leave the horses?

A. Right.

Q. This is where you said it was about 12:30?

A. Right.

Q. Was there anything about that vehicle which attracted your attention?

A. It was on my side of the road.

Q. What did you do?

A. Or in the middle of the road—which it is a narrow road—

Q. O.K., what did you do?

A. So, I tried to avoid a collision with it and which—I don't know who was driving the automobile. I didn't have time to look, because I was too busy trying to take care of mine, and as I passed the automobile, I mean, it didn't make any effort—I mean sudden move to get back on the right side of the road, their side of the road. It just kept a normal path and I barely escaped and got by it."

Appellant complains that there was insufficient identification of the vehicle referred to in the testimony just quoted. In this respect, the witness testified:

"Q. I'm going to show you three pictures that have been introduced by Mr. Cunningham. They are exhibits # 3, # 4 and # 5, in this trial, and ask you if they appear to be the car, or similar to the car that you saw?

A. Well, it's approximately the same model Pontiac, within a year or so. Now, the color, I couldn't be sure—it was of a light color and I couldn't be sure if it was cream, yellow—it was of a light color, and I would say that this looks like the same car, yes.

. . . . . .

Q. . . . and yet that appeared to be the same vehicle wrecked as the one that you had met?

A. In my own opinion, yes it was.

Q. These are some pictures that Mr. Cunningham has introduced and I am referring to Exhibit # 4 and # 5 in this case. Showing you those two exhibits, which are photographs, do they appear, as best you know, to be the car that you saw when you came back?

A. It looks to be the car that I saw.

. . . . . .

Q. Do you believe it was the same car that you saw wrecked later?

A. It looked like the same car.

Q. Was it near the vicinity—when you saw it wrecked, was it in the general vicinity of where you all had your difficulty with it?

A. Yes, sir, it wasn't that far away.

While it is true that the witness was not positive in his identification of the vehicle, his testimony conveys such a basis for probability that it was not inadmissible for uncertainty.

■ Where facts perceived by the senses are numerous, and it is difficult to describe them adequately to the jury, and the conclusion or inference to be drawn from such facts is simple and within the range of common experience, and the witness can relate what he has seen more accurately and more easily by stating his conclusion than by attempting to detail the evidential facts, the conclusion or inference of the witness is admissible. National Life & Accident Ins. Co. v. Follett, 168 Tenn. 647, 80 S.W.2d 92 (1935). Wilson v. N. C. & St. L. Ry., 16 Tenn.App. 695, 65 S.W.2d 637 (1933).

■ Any uncertainty of identification is a proper consideration in respect to the weight of testimony; but, where there is sufficient certainty to impute some probative value, the testimony is not inadmissible.

■ Appellant also complains that the proffered evidence was too remote for consideration. As stated previously, the witness placed the time of his experience as

very near the time of the collision and the place as 200 yards from the scene of the collision. Another persuasive circumstance is the fact related by defendant that he was following a horse trailer, and the witness was pulling a horse trailer. These circumstances are sufficient to create a reasonable inference that the vehicle observed by the witness 200 yards from the scene was indeed the vehicle of plaintiff.

Nevertheless, plaintiff insists that evidence that plaintiff crossed the center line in meeting the witness Lewis 200 yards from the scene of her collision with defendant is too remote to be relevant to the issues in this case.

In Mason v. James et al, 19 Tenn.App. 479, 89 S.W.2d 910 (1935), this Court held that it was not reversible error to admit the testimony of a witness that he saw two ladies in a vehicle traveling about 75 miles per hour at a point 1½ miles from the point of collision. The witness admitted that he did not know the vehicle he saw was the one involved in the collision and did not know "what kind of car the ladies were driving." This Court said:

"In An Automobile Accident Suit, by Anderson, page 419, section 389, the rule is stated: 'It is generally held that the admissibility of evidence of speed at other times and places is committed to the sound legal discretion of the trial court and that his exercise thereof will not be reviewed except for abuse resulting in prejudice to the complaining party. Thus it is within the discretion of the court to receive evidence of the speed of an automobile before it reached the place of the occurrence complained of, providing the place where it is sought to establish speed is not too remote. Of course, if the evidence as to speed at another time or place is remote, it may be excluded within the legal discretion of the trial court. Generally, however, evidence of speed at other times and places has been received. . . .'" 19 Tenn. App., p. 482, 89 S.W.2d p. 912.

In Faulk v. McPherson, 27 Tenn.App. 506, 182 S.W.2d 130 (1943) this Court held that the Trial Court did not abuse its discretion by admitting testimony that defendant was observed several times on the day of the collision driving as carefully as one could drive.

In Blashfield Automobile Law and Practice, Third Edition, Volume 11, Sec. 425.1, pp. 437 et seq. is found the following text:

"It is within the discretion of the trial court to permit evidence of the driver's conduct at a distance from the scene of the accident. In a variety of circumstances the court has found prior conduct of a party to be too remote to constitute evidence that the conduct continued to the time in question, and in other cases to be admissible."

Appellant cites authorities wherein the exclusion of such evidence was affirmed. In Hanck v. Ruan Transport Corp., 3 Ill. App.2d 372, 122 N.E.2d 445 (1954) the occurrence was observed ¼ mile away. In Sauer v. Winkler, Mo., 263 S.W.2d 370 (1954) and Flesberg v. Prince Whse. Co., 37 Ill.App.2d 22, 184 N.E.2d 813 (1962), the occurrences were ½ mile away. In Janse v. Haywood, 270 Mich. 632, 259 N.W. 347 (1935) the evidence concerned the position of plaintiff, a pedestrian, 1000 feet from the collision site. In Butler v. Greenwood, 180 Va. 456, 23 S.E.2d 217 (1942) the occurrence was 900 to 1000 feet away.

In Jennings v. Arata, 83 Cal.App.2d 143, 188 P.2d 298 (1948), the California Court affirmed the admission of testimony that, about ½ mile from the scene, defendant ignored a speed sign and almost struck some workmen.

In Sosnowski v. Lenox, 133 Conn. 624, 53 A.2d 388 (1947), the Connecticut Court affirmed the admission of testimony that, two blocks from the scene the colliding automobile was traveling 40 miles per hour on the wrong side of the road.

In Boyd v. Midland Co-ops, Inc., Okla., 364 P.2d 670 (1961), the Oklahoma Court

approved the admission of testimony that, shortly before the accident, a vehicle of the same description as plaintiff's was not entirely on its proper side of the road.

The foregoing are sufficient to illustrate the variety of situations in which trial judges have been allowed to exercise their discretion in the admission of evidence of conduct of a party at a time or place other than that of the incident in controversy.

The circumstances of the present case place the ruling of the Trial Judge well within the area of his discretion.

The second assignment of error is respectfully overruled.

No reversible error having been demonstrated, the judgment of the Trial Court is affirmed with costs.

Affirmed.

SHRIVER, P. J., and SMITH, S. J., concur.