# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville May 21, 2013

## STATE OF TENNESSEE v. PARESH J. PATEL

### Appeal from the Circuit Court for Warren County
### No. F-13471    Larry B. Stanley, Jr., Judge

---

### No. M2012-02130-CCA-R3-CD- Filed July 10, 2013

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the results reached in Judge McMullen's opinion, but I respectfully depart from the conclusion that *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012), and *State v. Caudle*, 388 S.W.3d 273 (Tenn. 2012), changed the methodology for reviewing judicial diversion determinations.

What once was new ground is now trampled by judicial feet pounding out the refrain that the Sixth Amendment to the United States Constitution forbids the use of any fact, "'[o]ther than the fact of a prior conviction, [to increase] *the penalty* for a crime beyond the prescribed statutory maximum [unless the same] be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (emphasis added). I will neither trample again, *see State v. Schiefelbein*, 230 S.W.3d 88, 140-50 (Tenn. Crim. App. 2007), nor will I take the time to identify those who have previously covered this ground. We know that the United States Supreme Court case law provided the impetus for Tennessee's amending its sentencing law to comply with constitutional requirements. *See Caudle*, 388 S.W.3d at 278 (citing David L. Raybin, *The Blakely Fix: New Tennessee Law Restores Judicial Discretion in Criminal Sentencing*, 41 Tenn. B.J. 14, 16 (2005)). Consequently, *Bise* and *Caudle* address no judicial activity other than sentencing. Suffice it to say that the lever that invoked Sixth Amendment concerns and that unleashed the flood of *Blakely* progeny was that of exacting a "penalty" – or imposing a sentence – in a criminal case. Indeed, the legislature's 2005 amendments targeted specific provisions of our law governing *sentences*.

The most obvious reason why *Bise* and *Caudle* have no influence over judicial diversion is that a grant of judicial diversion is *not* a sentence and is *not* punitive. Our case

law is clear that a judicial diversion term is not a sentence under the terms of the Sentencing Act. *See, e.g.*, *State v. Turco*, 108 S.W.3d 244, 247 (Tenn. 2003); *Alder v. State*, 108 S.W.3d 263, 267 (Tenn. Crim. App. 2002) ("The judicial diversion probationary period is not a sentence nor is it punishment."). Judicial diversion is not listed among the sentencing alternatives found in Tennessee Code Annotated section 40-35-104. A grant of judicial diversion does not result in a judgment, *see State v. Norris*, 47 S.W.3d 457, 462 (Tenn. Crim. App. 2000), which by definition, in the case of a finding of guilty, imposes both a conviction and a sentence, T.C.A. § 40-35-209 (e)(2); Tenn. R. Crim. P. 32(e). Indeed, our supreme court recently recognized that the inclusion of a "judicial diversion" option for disposing of a case had been improvidently inserted into the uniform judgment form, and it not only adopted a new judgment form deleting the judicial diversion "box" but also adopted new Rule 17A that promulgated the use of a separate judicial diversion order. *See* Tenn. Sup. Ct. R. 17, 17A (adopted July 27, 2011, effective November 1, 2011). *Cf. State v. Deandre Marcellus Howard*, No. M2010-00327-CCA-R3-CD, slip op. at 4 n. 3 (Tenn. Crim. App., Nashville, Dec. 14, 2010) ("The inclusion of this box [for judicial diversion in the previous judgment form] as well as the box labeled "Guilty Plea--Pursuant to 40-35-313" is contrary to the action taken when deferring proceedings under Code section 40-35-313 and invites confusion, as is evident in this case."). Unquestionably, a term of judicial diversion is not a sentence. For this reason, I cannot see that *Bise* and *Caudle* have any application to the present case.

Furthermore, even if these cases somehow address judicial diversion, I cannot subscribe to the proposition that the notion of presumptive reasonableness works a rejection of established methodology for handling and reviewing judicial diversion cases. The grant or denial of diversion has always been reviewed for an abuse of discretion, *see State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (judicial diversion); *State v. Hammersley*, 650 S.W.2d 352, 353 (Tenn. 1983) (pretrial diversion), but just because a judicial activity is discretionary and is reviewed for abuse of discretion does not signify that the activity must be unstructured and devoid of principles and guidelines. The diversion principles and guidelines embodied in *Hammersley* and 30 years of progeny no doubt have developed because of the need to guide a court's discretion – to provide that "soundness" of which we often speak. *See Bonestel*, 871 S.W.2ds at 168 (stating, after proclaiming the abuse of discretion standard of review, that "[w]hen the trial court refuses to grant judicial diversion to an accused, the court should clearly articulate and place in the record the specific reasons for its determination"). I have no doubt that were we to toss out these guidelines or the mandate that the trial court follow them, we would soon have to replace them. Such is the nature of legal development.

Indeed, the so-called *Bonestel* factors for guiding the adjudication of diversion bear substantive similarity to the sentencing principles and guidelines still in use pursuant to

our sentencing code. *Cf. Bonestel*, 871 S.W.2d at 168 (listing "(a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others") *with* T.C.A. § 40-35-210(b) (listing "(1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114; (6) [a]ny statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing"). Despite the use of an abuse of discretion standard of review of sentencing decisions, we expect those decisions to be in harmony with the sentencing considerations. *See* T.C.A. § 40-35-401(b) (authorizing a sentencing appeal when the "sentence was not imposed *in accordance with [the sentencing act]*," the "sentence is excessive *under the sentencing considerations*," or the "sentence is inconsistent *with the purposes of sentencing*" set out in the sentencing act) (emphasis added); *see also Bise*, 380 S.W.3d at 698 (stating that the 2005 sentencing law amendments only insignificantly amended the factors listed in Code section 40-35-210(b)). Thus, the statement quoted in Judge McMullen's opinion that a reviewing court should "'treat all in-range sentences imposed by trial courts as presumptively reasonable'" is deflective. *Bise* actually says, "[W]e adopt an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions *that reflect a proper application of the purposes and principles of our Sentencing Act*." *Bise*, 380 S.W.3d at 707 (emphasis added). The *Bonestel* factors influence and inform the exercise of discretion in judicial diversion decisions in the same way the skeletal structure of the sentencing considerations, principles, and guidelines influence and inform sentencing discretion. The presence of neither is inimical to the professed ambit of discretion; indeed, the presence of these hierarchies help to ensure the use of discretion that is sound. *See MacDonnell v. Blankenship*, 417 S.W.2d 713, 715 (Tenn. Ct. App.1967) (explaining that "sound discretion" is that which is "'exercised, not arbitrarily or wilfully, but with regard to what is right and just under the circumstances and the law, and directed by the trial judge's reason and conscience to a just result'").

We as a reviewing court cannot discern whether a trial court utilized an applicable standard of principles in exercising its discretion unless the trial court, in some manner, tells us so. Therefore, when that standard of principles exists, we do not encroach upon the trial court's discretion to require it not only to be in harmony with the applicable standard but also to inform us of its conformity.

For the foregoing reasons, I can see neither the basis nor the merit of applying *Bise* and *Caudle* to the judicial diversion determination. I would, however, affirm the trial court's denial of diversion based upon the time-honored method of review. That being said, I fully concur in the separate opinion of Presiding Judge Tipton.

_____
JAMES CURWOOD WITT, JR., JUDGE